UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

POWERSDINE, LIMITED,

    Defendant,

_____

Case No. 01-74081
Hon: AVERN COHN

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

FOUNDRY NETWORKS, INC.,

    Defendant,

_____

Case No. 06-13936
Hon: AVERN COHN

CHRIMAR SYSTEMS, INC.,

    Plaintiff,

-vs-

D-LINK SYSTEMS,

    Defendant.

_____/

Case No. 06-13937
Hon: AVERN COHN

## ORDER RE: PLAINTIFF'S OBJECTIONS

These are patent cases. Plaintiff, the owner of U.S. Patent No. 5,406,260 (the '260 Patent), NETWORK SECURITY SYSTEM FOR DETECTING REMOVAL OF ELECTRONIC EQUIPMENT, claims each of the defendants infringes the '260 Patent. The

paradigm claims and paradigm accused devices are stated in the Order filed May 23, 2007. That order also sets forth the deadlines for filing the Markman papers. On June 22, 2007, defendants filed Defendants' Notice of Words and Phrases in Claims 14, 16 and 17 That Require Interpretation. On August 30, 2007, the Court appointed Professor Mark A. Lemley as special master to decide upon and recommend in writing the appropriate interpretation of disputed claim terms.

In a prior case filed in this district, Chrimar Systems, Inc. v. Cisco Systems, Inc., No. 01-7113, claim 1 of the '260 patent was in issue. In that case, Professor Paul M. Janicke acted as special master with regard to motions for summary judgment. Also in that case, the Court found claim 1 of the '260 patent invalid and that defendant's device did not infringe claim 1. The carryover to the captioned cases from the decisions in the Cisco case, including claim construction, are an unknown at this time.

Now before the Court is Plaintiff's Objections to August 30, 2007 Appointment and Order of Reference to Special Master on essentially two (2) grounds:

1. Professor Lemley has expressed views that could be considered sympathetic to large technology companies.

2. A special master is not necessary, and the extra costs involved will impose an unfair burden on plaintiff.

Neither of these grounds have merit.

Professor Lemley is a well-known and highly regarded academic in the field of patent law. That he has expressed views on patent law reform which urge legislation favorable to large technology companies does not disqualify him. In fact there are competing views on what the effect of patent law is on large technology companies. Some large technology

2

companies favor patent law reform; other large technology companies oppose patent law reform. Anyone involved in patent law has views, or at least should have views, on what course patent law reform should take. Professor Lemley has filed the declaration required by Fed. R. Civ. P. 53, and stated that he knows of no reason that would require his disqualification under 28 U.S.C. §455. The Court is satisfied that there is no reason to withdraw the appointment of Professor Lemley as special master based on any expressed views.

As to plaintiff's second ground, the Memorandum and Order on Claim Construction, the Special Master's Report and Recommendation and the Memorandum and Order [on summary judgment] in the Cisco case clearly display the complex nature of this case. As expressed in the 2003 Advisory Committee Notes to the 2003 Amendments to Rule 57

> The court's responsibility to interpret patent claims as a matter of law, for example, may be greatly assisted by appointing a master who has expert knowledge of the field in which the patent operates. Review of the master's findings will be *de novo* under Rule 53(g)(4), but the advantages of initial determination by a master may make the process more effective and timely than disposition by the judge acting alone.

The benefits from the appointment of a special master for the Markman phase of this case are clear. As to the expenses of the special master, the Court is satisfied that they are a necessary concomitant to the Markman phase of the case. Professor Lemley has agreed to cap his charges at $30,000.00. This is not an unreasonable or excessive amount.

For all of the foregoing reasons, plaintiff's objections are overruled.

SO ORDERED.


Dated: September 10, 2007         s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

3

01-74081, 06-13936, 06-13937

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Special Master Mark Lemley on this date, September 10, 2007, by electronic and/or ordinary mail.

                                          s/Julie Owens
                                          Case Manager, (313) 234-5160

S:\LORI\Cases\Chrimar Systems\Special Master Order.wpd

4