IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC.<br>d/b/a CMS TECHNOLOGIES, INC.,<br>a Michigan Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>FOUNDRY NETWORKS, INC., a California Corporation,<br><br>        Defendant. | Civil Action No. 06-13936<br><br>Honorable Avern Cohn |
| CHRIMAR SYSTEMS, INC.<br>d/b/a CMS TECHNOLOGIES, INC.,<br>a Michigan Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>D-LINK SYSTEMS, INC., a California Corporation,<br><br>        Defendant. | Civil Action No. 06-13937<br><br>Honorable Avern Cohn |

**DEFENDANTS FOUNDRY NETWORKS, INC. AND D-LINK SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF CLAIM 17 OF U.S. PATENT NO. 5,406,260 BY MIDSPAN PRODUCTS BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL**

OHS West:260739594.1

Defendants Foundry Networks, Inc. and D-Link Systems, Inc. (collectively "Defendants") move pursuant to Rule 56(c) of the Federal Rules of Civil Procedure for partial summary judgment that their Midspan products do not infringe paradigm claim 17 of United States Patent Number 5,406,260 based on the doctrine of collateral estoppel. Defendants join in PowerDsine's Motion for Summary Judgment of Non-Infringement of Claim 16 of The '260 Patent Based on the Doctrine of Collateral Estoppel filed in *Chrimar Systems v. PowerDsine*, Civil Action No. 01-74081 (Docket No. 107). In compliance with Local Rule 7.1(a) of the Local Rules of the U.S. District Court for the Eastern District of Michigan, Defendants have been unable to obtain concurrence from plaintiff for the requested relief.

Defendants incorporate by reference PowerDsine's motion and supporting papers, including PowerDsine's Memorandum of Law (Docket No. 107), PowerDsine's Statement of Undisputed Facts In Support of Motion (Docket No. 107-2), and Declarations of Monte Cooper and Rich Seifert dated September 25, 2009 and exhibits attached thereto (Docket Nos. 108-109). This motion is also based on this pleading, Defendants' joinder in PowerDsine's motion, Defendants' memorandum in support of this motion, Defendants' statement of undisputed facts in support of this motion, the declarations of Jason Pang dated September 29, 2009 and A.J. Wang dated September 30, 2009, and any other appropriate materials the Special Master and Court in their discretion may consider.

Dated: October 5, 2009        By:    /s/ Monte M. F. Cooper

William L. Anthony, Jr. *(pro hac vice)*
Monte M. F. Cooper *(pro hac vice)*
Zheng Liu *(pro hac vice)*
Jesse Cheng *(pro hac vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:(650) 614-7400
Facsimile: (650) 614-7401
wanthony@orrick.com
mcooper@orrick.com
jenliu@orrick.com
jcheng@orrick.com


Herschel Fink (P13427)
HONIGMAN MILLER SCHWARTZ & COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone:(313) 465-7400
Facsimile: (313) 465-7401
hfink@honigman.com

***Attorneys for Defendant***
***D-Link Systems, Inc.***

*-and-*


Fred K. Herrmann, Esq. (P49519)
William A. Sankbeil, Esq. (P19882)
KERR, RUSSELL AND WEBER, PLC
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3427
Tel: (313) 961-0200
Fax: (313) 961-0388
fkh@krwlaw.com
was@krwlaw.com

- 3 -

Henry C. Bunsow
K.T. Cherian
Robert F. Kramer
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
bunsowh@howrey.com
cheriank@howrey.com
kramerR@howrey.com

***Attorneys for Defendant
Foundry Networks, Inc.***

- 4 -

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC. d/b/a CMS TECHNOLOGIES, INC., a Michigan Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>FOUNDRY NETWORKS, INC., a California Corporation,<br><br>        Defendant. | Civil Action No. 06-13936<br><br>Honorable Avern Cohn |
| CHRIMAR SYSTEMS, INC. d/b/a CMS TECHNOLOGIES, INC., a Michigan Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>D-LINK SYSTEMS, INC., a California Corporation,<br><br>        Defendant. | Civil Action No. 06-13937<br><br>Honorable Avern Cohn |

**MEMORANDUM OF DEFENDANTS FOUNDRY NETWORKS, INC. AND D-LINK SYSTEMS, INC. SUPPORTING MOTION FOR PARTIAL SUMMARY JUDGMENT OF NONINFRINGEMENT OF CLAIM 17 OF U.S. PATENT NO. 5,406,260 BY MIDSPAN PRODUCTS BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL**

- i -

# TABLE OF CONTENTS

I.   Introduction ................................................................................................... 1

II.  Statement of facts.......................................................................................... 2

    A.   Joinder in Facts Stated In PowerDsine's Motion for Partial Summary Judgment of Noninfringement of Claim 16............................................ 2

    B.   Paradigm Claim 17 In The Foundry and D-Link Cases. ....................... 2

    C.   Foundry Accused "Spare Pair" PoE Midspans....................................... 2

    D.   D-Link's Accused "Spare Pair" PoE Midspans. ..................................... 5

III. Argument ....................................................................................................... 6

    A.   Joinder in PowerDsine's Argument In Support of Motion for Partial Summary Judgment of Noninfringement of Claim 16 of '260 Patent Based On Collateral Estoppel. ................................................................................................. 6

    B.   Foundry Networks and D-LINK's Midspans Power Devices Over Spare Pairs of Wires and Do Not Infringe Claim 17 Of The '260 Patent. .................................... 6

IV.  Conclusion .................................................................................................... 7

I.      INTRODUCTION

Defendants Foundry Networks, Inc. and D-Link Systems, Inc. (collectively "Defendants") join in Defendants PowerDsine, Ltd. and PowerDsine, Inc.'s ("PowerDsine") Motion for Summary Judgment of Non-Infringement of Claim 16 of United States Patent Number 5,406,260 Based on the Doctrine of Collateral Estoppel filed in *Chrimar Systems v. PowerDsine*, Civil Action No. 01-74081 (Docket No. 107).

As set forth in PowerDsine's motion, this Court has ruled that the interpretations regarding claim 1 of U.S. Patent No. 5,406,260 set out in *Chrimar Systems, Inc. v. Cisco Systems, Inc.*, 318 F. Supp 2d. 476, 510-511 (E. D. Mich. 2004) "carry over to claim 14." That decision necessitates the entry of partial summary judgment of non-infringement based on collateral estoppel in favor of Defendants for all midspan "spare pair" products that plaintiff Chrimar Systems, Inc. ("Chrimar") alleges infringe paradigm claim 17 of the '260 patent.

In the *Cisco* litigation, this Court entered partial summary judgment of non-infringement in favor of Cisco for all "spare pair" midspan Power Patch Panels that segregate the transmission of data and power onto separate wires within Ethernet cables. *Chrimar Sys., Inc.*, 318 F. Supp. 2d at 511. Such "spare pair" power delivery systems do not employ "data communication lines" as that term is used in the '260 patent, since "no data packets are ever **actually** transmitted over the wires creating the current loop … while inline power is being supplied." *Chrimar Sys., Inc.*, 318 F. Supp. 2d at 510 (emphasis in original).

Defendants' midspan products that Chrimar accuses of infringement employ the exact same type of power delivery over spare pair wires that this Court already ruled in

the *Cisco* case are not "data communication lines" within the meaning of the '260 patent. Collateral estoppel is applicable, and Defendants are entitled to partial summary judgment of noninfringement of claim 17 for all for all "spare pair" midspan products.

## II.    STATEMENT OF FACTS

### A.    Joinder in Facts Stated In PowerDsine's Motion for Partial Summary Judgment of Noninfringement of Claim 16.

Defendants hereby incorporate the facts set forth in PowerDsine's Motion for Summary Judgment of Noninfringement of Claim 16 of the '260 Patent Based on Collateral Estoppel, including those stated in PowerDsine Memorandum of Law (Docket No. 107), Statement of Undisputed Facts (Docket No. 107-2) ("PowerDsine's SUS"), and the Cooper and Seifert Declarations and exhibits attached thereto (Docket Nos. 108 and 109).

### B.    Paradigm Claim 17 In The Foundry and D-Link Cases.

Chrimar designated claim 17 of the '260 patent as the "Paradigm Claim" and contends that certain of Defendants Foundry's and D-Link's "spare pair" Midspan products infringe claim 17.  Defendants' Statement of Undisputed Facts in Support of Motion ("Defendant's SUS") at ¶¶ 6, 39; Pang Decl., ¶¶ 9-10, Exh. 3; Wang Decl., at 2, n. 1 and Ex. 2.  Paradigm claim 17 is a dependent claim that depends from independent claim 14.  Defendants refer to the discussion of claim 14 in PowerDsine's Memorandum of Law (Docket No. 107).

### C.    Foundry Accused "Spare Pair" PoE Midspans.

Chrimar accuses Foundry's FIP-600 Midspan product of infringing paradigm claim 17 of the '260 patent.  Defendant's SUS ¶ 6-7; Pang Decl., ¶¶ 9-10, Exh. 3

(Hoffman letter to Cherian dated August 18, 2008).  This is the only Foundry Midspan product that Chrimar has identified as a Paradigm Product.  Defendant's SUS ¶ 6-7.

The FIP-600 product is a 6-port, 15.4 watt per port Midspan product that provides DC power to remote devices such as IP telephones on a network in a 10/100BaseT environment.  Defendant's SUS ¶ 10; Pang Decl., ¶ 14; *see also* Seifert Decl. ¶¶ 5-6.  This midspan product is inserted between older switches and remote devices, allowing them to supply DC power to the remote devices.  Defendant's SUS ¶ 8.  In this manner, a customer can receive the advantages of supplying inline power from a centralized location without having to replace an expensive Ethernet switch.  Defendant's SUS ¶ 8; Pang Decl., ¶ 5.

The FIP-600 Midspan product is fully compliant with the 802.3af standard. Defendant's SUS ¶ 34; Pang Decl., ¶ 15, Exh. 1 at 1-2; *see also* Seifert Decl. ¶¶ 5-6.  The 802.3af standard requires that Midspan products powering devices in a 10/100BaseT environment provide power and pass data over physically separate wires.  Defendant's SUS ¶ 35; Pang Decl., ¶ 16; *see also* Seifert Decl. ¶¶ 5-6.  The 802.3af standard provides that Midspan products, to be compliant with the standard, do not pass data communication signals over the spare wires connected to pins 4, 5, 7, and 8 that carry DC power.  Defendant's SUS ¶ 36; Pang Decl., ¶ 16; *see also* Seifert Decl. ¶¶ 5-6.

Under the 802.3af standard, Midspan products do not place DC power on the data communication lines connected to pins 1, 2, 3, and 6.  Defendant's SUS ¶ 37; Pang Decl., ¶ 16-17; *see also* Seifert Decl. ¶¶ 5-6; Cooper Decl, Exh. S at p. 30.  This is shown in Figure 33-4 of the 802.3af standard – Midspan PSE, Alternative B.  Defendant's SUS ¶ 37-38; Pang Decl., ¶ 16; *see also* Seifert Decl. ¶¶ 5-6; Cooper Decl, Exh. S at p. 30.  In

- 3 -

Figure 33-4, Midspan PSE, Alternative B, of the 802.3af standard, the data communication lines are at the top and bottom of the figure, labeled "Data pair," and the spare wires that carry DC power are in the center of the figure connected to the box labeled "Power Source Equipment (PSE)."  Defendant's SUS ¶ 37-38; Pang Decl., ¶ 16-17; Cooper Decl, Exh. S at p. 30; *see also* Seifert Decl. ¶¶ 5-6

The cable connecting the FIP-600 Midspan to a remote device contains eight wires.  Defendant's SUS ¶ 9; Pang Decl., ¶ 11.  Data traffic passing to and from a powered device, for example an IP phone, occupies only four of these wires, leaving the remaining four "spare" wires available for other purposes.  Defendant's SUS ¶ 11; Pang Decl., ¶ 11; Seifert Decl. ¶¶ 5-6.  In the standard nomenclature of those who work in this field and are skilled in the art, when only wires connected to pins 1, 2, 3, and 6 are used to carry data communication signals, the remaining wires connected to pins 4, 5, 7, and 8 are commonly referred to in the industry as the "spare pairs."  Defendant's SUS ¶ 12; Pang Decl., ¶ 11; Seifert Decl. ¶¶ 5-6.

Data communication occurs only over wires connected to pins 1, 2, 3, and 6, while power is only provided over spare wires connected to pins 4, 5, 7, and 8 in the FIP-600.  Defendant's SUS ¶ 13; Pang Decl., ¶ 11; Seifert Decl. ¶¶ 5-6.  In this product, data communication occurs over wires connected to pins 1, 2, 3, and 6 while power is provided over wires connected to pins 4, 5, 7, and 8.  Defendant's SUS ¶ 14; Pang Decl., ¶ 11-12; Seifert Decl. ¶¶ 5-6.  As set forth in Foundry's technical document, known as a "data sheet," describing the IronPower FIP-600 Midspan product, when it provides power to IP phones or other remote equipment, power and data travel over physically separate wires.  Defendant's SUS ¶ 14-33; Pang Decl., ¶ 11-14; Seifert Decl. ¶¶ 5-6.  These

- 4 -

Midspans never pass data communication signals over the spare wires that carry DC power, nor do they place DC power on the wires that carry data communication signals. Defendant's SUS ¶ 14-33; Pang Decl., ¶ 11-14; Seifert Decl. ¶¶ 5-6. This is exactly like the Cisco midspan Power Patch Panels, which inject DC power only over the "spare pair" wires, that the Court held on summary judgment do not infringe claim 1 of the '260 patent. Defendants' SUS ¶¶ 14-33; and *Chrimar Sys. Inc.*, 318 F. Supp. 2d at 488.

### D. D-Link's Accused "Spare Pair" PoE Midspans.

Chrimar has identified the D-Link DWL-P1012 "DWL-P1012" Power-over-Ethernet ("PoE") midspan product as one of the D-Link accused devices that Chrimar alleges infringe claim 17. Defendants' SUS ¶ 39; Wang Decl. Ex. 2 (July 23, 2008 letter). The DWL-P1012 operates by providing power and passing data over different pairs of wires. *See, e.g.,* Defendants' SUS ¶¶ 53-54; Wang Decl. ¶¶ 8-12. The segregation of data and power is illustrated on page 7 of the product's User Manual (reproduced below). Defendants' SUS ¶¶ 54; Wang Decl. ¶10 and Ex. 1 at 7. In this figure, the blue arrows labeled "data" are connected to pins 1/2 and 3/6. The red arrows labeled "DC+" and "DC-" are connected to pins 4/5 and 7/8, respectively. *Id.*



Exactly like the Cisco midspan Power Patch Panels, the DWL-P1012 injects DC current only over twisted pair wires connected to pins 4, 5, 7, and 8 (the spare pairs). *See*, *e.g.*, Defendants' SUS ¶¶ 53-54; Wang Decl. ¶¶ 8-12; and *Chrimar Sys. Inc.*, 318 F. Supp. 2d at 488 n.7. Also like the Cisco midspan Power Patch Panels, data is passed only over wires connected to pins 1, 2, 3, and 6, in accordance with what is known as the IEEE 802.3af specification. *Id*. At no time does this device ever pass data over wires connected to pins 4, 5, 7, and 8 while inline power is being supplied, and at no time does this device inject DC current onto wires connected to pins 1, 2, 3, and 6. *See*, *e.g.*, Defendants' SUS ¶¶ 53-54; Wang Decl. ¶¶ 8-12.

### III.  ARGUMENT

**A.  Joinder in PowerDsine's Argument In Support of Motion for Partial Summary Judgment of Noninfringement of Claim 16 of '260 Patent Based On Collateral Estoppel.**

Defendants incorporate and join in the arguments set forth in PowerDsine's Motion for Summary Judgment of Noninfringement of Claim 16 of the '260 Patent Based on Collateral Estoppel (Docket No. 107).

**B.  Foundry Networks and D-LINK's Midspans Power Devices Over Spare Pairs of Wires and Do Not Infringe Claim 17 Of The '260 Patent.**

There is no genuine issue of material fact that Defendants Foundry and D-Link's midspan products operate in a 10/100 environment and always segregate power distribution and data communication onto physically distinct wires. Defendants' Statement of Undisputed Facts ¶¶ 9-38 and 43-70; Pang Decl. ¶¶ 11-17; Wang Decl. ¶¶ 8-12; Seifert Decl. ¶ 6; PowerDsine's SUS ¶¶ 45-48; Kahn Decl. ¶¶ 7-11; Seifert Decl. ¶ 6; *Chrimar Sys. Inc.*, 318 F. Supp. 2d at 488 n.7. Nor is there any genuine issue of material fact that these products segregate the functions in the same way as Cisco's

Power Patch Panels, with wires connected to pins 1, 2, 3, and 6 used for data communication and spare wires connected to pins 4, 5, 7, and 8 used for providing power. *Id*. Because Defendants' midspan products function identically to Cisco's Power Patch Panels in their use of spare wires to provide power, they too cannot possibly satisfy the "data communication lines" limitation of the paradigm clam of the '260 patent. Inasmuch as this Court has stated that the interpretations regarding claim 1 of the '260 patent set out forth in the Cisco partial summary judgment ruling "carry over to claim 14", Defendants are entitled to a finding of collateral estoppel that each of their accused midspan products do not infringe paradigm claim 17 either literally, or by the doctrine of equivalents.

## IV.    CONCLUSION

Foundry and D-Link are entitled to partial summary judgment in their favor that collateral estoppel applies to this Court's interpretation of "data communication lines" in the *Cisco* litigation, and that none of their accused Midspan products infringe paradigm claim 17 of the '260 patent.

Dated: October 5, 2009            By:    /s/ Monte M. F. Cooper
William L. Anthony, Jr. *(pro hac vice)*
Monte M. F. Cooper *(pro hac vice)*
Zheng Liu *(pro hac vice)*
Jesse Cheng *(pro hac vice)*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA  94025
Telephone: (650) 614-7400
Facsimile: (650) 614-7401
wanthony@orrick.com
mcooper@orrick.com
jenliu@orrick.com
jcheng@orrick.com

Herschel Fink (P13427)
HONIGMAN MILLER SCHWARTZ & COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI  48226
Telephone:(313) 465-7400
Facsimile: (313) 465-7401
hfink@honigman.com

***Attorneys for Defendant***
***D-Link Systems, Inc.***

*-and-*

Fred K. Herrmann, Esq. (P49519)
William A. Sankbeil, Esq. (P19882)
KERR, RUSSELL AND WEBER, PLC
Detroit Center
500 Woodward Avenue, Suite 2500
Detroit, Michigan 48226-3427
Tel:  (313) 961-0200
Fax:  (313) 961-0388
fkh@krwlaw.com
was@krwlaw.com


Henry C. Bunsow
K.T. Cherian
Robert F. Kramer
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
bunsowh@howrey.com
cheriank@howrey.com
kramerR@howrey.com

***Attorneys for Defendant***
***Foundry Networks, Inc.***

- 8 -

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Andrew Kochanowski
akochanowski@sommerspc.com

Lisa R. Mikalonis
lmikalonis@sommerspc.com

Richard W. Hoffmann
hoffmann@reising.com

                                        By: /s/  Monte M. F. Cooper
                                            Monte M. F. Cooper
                                            ORRICK, HERRINGTON & SUTCLIFFE LLP
                                            1000 Marsh Road
                                            Menlo Park, CA  94025